# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOE (P), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:04CV02122 (GK) |
| ) | |
| LEON E. PANETTA, Director, ) | |
| Central Intelligence Agency, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 83.23, the defendants, by their undersigned counsel, hereby respectfully move for dismissal of the remainder of this action, with prejudice, due to plaintiff's failure to prosecute.

The grounds for this motion are more fully set forth in the accompanying Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss for Failure to Prosecute.

Dated:  July 27, 2009

                                                          Respectfully submitted,

                                                          TONY WEST
                                                          Assistant Attorney General

                                                          CHANNING D. PHILLIPS
                                                          Acting United States Attorney

                                                          ELIZABETH J. SHAPIRO
                                                         SUSAN K. RUDY
                                                         Assistant Directors

/s/ W. Scott Simpson
_____

W. SCOTT SIMPSON
Senior Trial Counsel

United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883, Room 7210
Washington, DC  20044
Telephone:  (202) 514-3495
Facsimile:  (202) 616-8470
E-mail:  scott.simpson@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DOE (P), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:04CV02122 (GK) |
| ) | |
| LEON E. PANETTA, Director, ) | |
| Central Intelligence Agency, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

INTRODUCTION

The history of this case presents a pattern of "inaction" and "dilatoriness" on the part of the plaintiff. See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). For example, plaintiff refuses to agree on a motion schedule to resolve his one remaining claim, but he has also failed to pursue discovery proceedings. The plaintiff has not complied with an order to submit supplemental briefing by February 9, 2009, nor with an order requiring him either to reinstitute discovery procedures or file a dispositive motion by July 15, 2009 — even though the last order clearly warned that non-compliance may result in dismissal for lack of prosecution. Indeed, the plaintiff has filed nothing for the past twelve months, during which time defendants and the Court have made thirty-three filings or docket entries. Under these circumstances, dismissing plaintiff's remaining claim for failure to prosecute would clearly be within the Court's discretion, and defendants so request.

PROCEDURAL HISTORY

This action began more than four and a half years ago, in December 2004. The original complaint pled claims for violation of the Administrative Procedure Act ("APA") and the Privacy Act. Defendants filed a motion to dismiss (Doc. 8). Rather than responding, plaintiff filed an amended complaint adding a claim for breach of contract, a claim for "failure to convert plaintiff to staff employee," and a Bivens claim (Doc. 15).[1] Defendants filed a motion to dismiss the amended complaint (Doc. 20). Plaintiff responded to that motion, but, before briefing was completed, he filed a second amended complaint (Doc. 30) adding a claim under the Federal Torts Claims Act ("FTCA").[2]

Defendants then filed a motion to dismiss the second amended complaint, which the Court granted in part, dismissing the APA, breach of contract, "failure to convert," and FTCA claims (Doc. 42) — leaving only the Bivens and Privacy Act claims. In a later order, the Court dismissed the Bivens claim as to defendant James Pavitt (Doc. 103). The Bivens claim also named "John Does Nos. 1 & 2" as defendants, but the plaintiff has never served them, and the time for such service has expired.[3] See Fed. R. Civ. P. 4(m). Thus, only plaintiff's Privacy Act claim remains.

As of February 9, 2007 — more than two years after filing this action — the plaintiff had not initiated discovery, and the Court ordered him, on that date, to serve written discovery

---

[1] See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] The defendant Central Intelligence Agency administratively denied plaintiff's FTCA claim between the filing of the first and second amended complaints (Doc. 29).

[3] The Court denied plaintiff's motion to compel the CIA to accept service on behalf of the Doe defendants (Doc. 102).

requests (Doc. 57). Plaintiff served interrogatories, requests for production, and requests for admission upon the defendants on March 16, 2007. Defendants responded on April 18, 2007, providing some of the information requested and objecting to certain aspects of the discovery requests. Plaintiff has not sought to compel further responses, and no other discovery-related activity has occurred since that time.

The plaintiff has filed no dispositive motions in this action, other than a motion for partial judgment on the pleadings based entirely on an argument that defendants had not answered those portions of the second amended complaint that had been redacted for reasons of national security (Doc. 64).[4] In a Joint Status Report filed on May 19, 2009, the defendants proposed a briefing schedule to attempt to resolve the Privacy Act claim by summary judgment, but plaintiff stated that he did "not consent to a summary judgment schedule" (Doc. 115).

On January 27, 2009, in considering plaintiff's motion to partially declassify the second amended complaint, the Court ordered each party to file a submission, no later than February 9, 2009, "stating whether information must be declassified if it is in the public domain" (Doc. 107). Defendants filed their submission on the date indicated (Doc. 111), but the plaintiff has never complied with that order. Plaintiff's last filing in this action (other than the Joint Status Report, which was filed by counsel for the defendants), occurred on August 7, 2008. Defendants and the Court have made a total of thirty-three filings or docket entries since that date.

On June 3, 2009, the Court ordered the plaintiff, "by July 15, 2009, either [to] reinstitute discovery procedures in this case or [to] file an appropriate dispositive motion" (Doc. 117). The

---

[4] The motion for partial judgment on the pleadings was denied on May 11, 2009 (Doc. 113).

Court warned, further, that "[f]ailure to do this may well result in an ultimate dismissal of this five year old case for lack of prosecution."  Plaintiff has taken no action since the filing of that order.

## ARGUMENT

This Court has "inherent power" to clear its docket of "cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); see also Ames v. Standard Oil Co. (Ind.), 108 F.R.D. 299, 301 (D.D.C. 1985) ("The federal courts possess undisputed authority to control their dockets and to dismiss those cases that plaintiffs fail to prosecute.").  This power is reflected in Rule 41(b) of the Federal Rules of Civil Procedure, stating that "a defendant may move to dismiss the action or any claim against it" "[i]f the plaintiff fails to prosecute."  It is also reflected in the Local Rules of this Court, which provide that "[a] dismissal for failure to prosecute may be ordered by the Court upon motion by an adverse party, or upon the Court's own motion.  An order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party."  See Local Rule 83.23; see also Wright v. J.E. Bach & Assocs., Civ. A. No. 95-2056 SSH, 1996 WL 636439, at *1 (D.D.C. Oct. 24, 1996) ("This dismissal is with prejudice, as the Court determines that the delay in prosecution of this claim has resulted in prejudice to this defendant.").

According to the Court of Appeals, "[a] Rule 41(b) dismissal is proper if, in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause."  Bomate v. Ford Motor Co., 761 F.2d 713, 714 (D.C. Cir. 1985).

Considering a dismissal for failure to prosecute is "a highly factual inquiry, to be determined upon a consideration of all pertinent circumstances." Ames, 108 F.R.D. at 302. "A lengthy period of inactivity may . . . be enough to justify dismissal under Rule 41(b) . . . particularly . . . if the plaintiff has been previously warned that he must act with more diligence." Smith-Bey v. Cripe, 852 F.2d 592, 594 (D.C. Cir. 1988) (internal quotation marks omitted). Additionally, "[d]ismissal for failure to prosecute is particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules." Ames, 108 F.R.D. at 302. A district court's decision in this regard "will be reversed only upon a finding of abuse of discretion." Bomate, 761 F.2d at 714.

  Under these principles, this case presents a highly appropriate setting for exercise of the Court's power to dismiss for failure to prosecute. For example, although the plaintiff accuses defendants of "stonewalling plus improper objection[s]" in relation to discovery (Doc. 115), he has failed, for more than two years, to file a motion to compel or otherwise to pursue discovery. Along with this failure to pursue his one remaining claim through discovery, plaintiff has also refused to agree to a motion schedule to attempt to resolve that claim. Moreover, plaintiff's failure to act has been "coupled with disobedience to court orders," and the Court has warned him — to no avail — "that he must act with more diligence." See Ames, 108 F.R.D. at 302; Smith-Bey, 852 F.2d at 594. Specifically, he has ignored an order to file supplemental briefing by February 9, 2009, and another order to pursue discovery or file a dispositive motion by July 15, 2009. Indeed, the plaintiff has filed nothing in this action for nearly a year — a period during which the Court and the defendants have made thirty-three filings or docket entries.

Furthermore, plaintiff's "delay in prosecution of [his Privacy Act] claim has resulted in prejudice to [the defendants]." See Local Rule 83.23.  Plaintiff contends, in relation to the termination of his relationship with the CIA in 2004 and the completion of an internal agency investigation in 2005, that the CIA violated the Privacy Act by failing to collect information directly from him "to the greatest extent practicable," and by failing to maintain records, "in making any determination about [him,] with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness." See 5 U.S.C. § 552a(e)(2), (5); see also Second Amended Complaint ¶¶ 43-49 (Doc. 30).  Any defense against these claims would likely be highly fact-based — attempting to establish, for example, that the "determinations" in question would have been made independent of the records referred to, and that more collection of information directly from the plaintiff would have been impracticable.  See Deters v. U.S. Parole Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) (on "accuracy" claim under Privacy Act, plaintiff must prove, among other things, that "reliance on the inaccurate records was the proximate cause of the adverse determination").  The passage of time since this action was filed in 2004 would render any such defense much more difficult, given the likely fading of individual memories and the potential loss or misplacement of records.  Accordingly, plaintiff's dilatoriness in this case "has resulted in prejudice" to the defendants, such that the dismissal of his Privacy Act claim for failure to prosecute should be with prejudice.  See Local Rule 83.23; see also Wright, 1996 WL 636439, at *1.

## CONCLUSION

For the foregoing reasons, the remainder of this action — consisting of the Privacy Act claim — should be dismissed with prejudice for failure to prosecute.

Dated:  July 27, 2009

>Respectfully submitted,
>
>TONY WEST
>Assistant Attorney General
>
>CHANNING D. PHILLIPS
>Acting United States Attorney
>
>ELIZABETH J. SHAPIRO
>SUSAN K. RUDY
>Assistant Directors
>
>
>/s/ W. Scott Simpson
>
>―――――――――――――――――――
>
>W. SCOTT SIMPSON
>Senior Trial Counsel
>
>United States Department of Justice
>Civil Division, Federal Programs Branch
>Post Office Box 883, Room 7210
>Washington, DC  20044
>Telephone:  (202) 514-3495
>Facsimile:  (202) 616-8470
>E-mail:  scott.simpson@usdoj.gov
>
>Attorneys for Defendants